### CITY OF GEARY v. MOORE.

No. 27239. Nov. 9, 1937.

Rehearing Denied Feb. 1, 1938.

J. V. Hostutler, for plaintiff in error.

George M. Nicholson and B. Harrison Wohl, for defendant in error.

OSBORN, C. J. The city of Geary, hereinafter referred to as plaintiff, instituted this action against Charles H. Moore, hereinafter referred to as defendant, wherein it was sought, under the power of eminent domain, to condemn certain property of the defendant for the purpose of erecting thereon a city jail. After the appraisement of the commissioners was filed, defendant filed a demand for a jury trial and a cross-petition wherein he sought to recover as actual damages the value of the land taken, and as consequential damages, the depreciated market value of the remainder caused by the erection of the jail in close proximity thereto. Upon a trial of the cause before a jury, defendant was awarded $150 as actual damages and $600 as consequential damages. From a judgment on the verdict, plaintiff has appealed.

The principal question presented is whether or not defendant was entitled to recover consequential damages, under the provisions of section 24, art. 2, of the Constitution, providing that private property shall not be taken **or damaged** for public use without just compensation. A determination of this issue requires a clear understanding of the fact situation presented. It appears that prior to June, 1933, the plaintiff city was the owner of lots 8 and 9, block 26, in the city of Geary; that said lots were used as a building site for the city police station and fire station; that defendant Moore was the owner of lots 10 to 14, inclusive, in said block 26, which were immediately adjacent to the city lots; that there was an alley between the city's lots and the defendant's lots; there was a resi-

dence structure on the defendant's lots. In June, 1933, the city erected a jail which extended into the alley. On January 8, 1935, this action was instituted for the purpose of condemning the west half of the alley, which, it was alleged, was the property of defendant. It was further alleged that it was necessary to acquire said property for a building site for the city buildings. It appears from an analysis of the pleadings and evidence that defendant's right to a recovery of consequential damages is based wholly upon the close proximity of the jail to his residential property, which, under the evidence presented by said defendant, has tended to reduce the reasonable market value thereof.

It appears to be well settled that a municipality in operating a prison is acting in governmental capacity. District of Columbia v. Totten, 5 Fed. (2d) 374 (Cert. den. 269 U. S. 562, 70 L. Ed. 412, 46 S. Ct. 21). In the case of Oklahoma City v. Vetter, 72 Okla. 196, 179 P. 473, 4 A. L. R. 1009, a recovery of damages was sustained against the city for the location and negligent maintenance of a hospital for the treatment of contagious diseases (sometimes referred to as a pesthouse), adjacent to residential property, notwithstanding the fact that in the operation of such hospital the city was engaged in a governmental function. The recovery was predicated upon the provisions of section 24, art. 2, of the Constitution. In that case, the plaintiff relied upon the fact that due to the careless and negligent maintenance of the hospital it became a nuisance.

It has been held in a long line of cases that immunity of a city from damages does not ensue on the theory that it is engaged in a governmental function where the maintenance of a nuisance has resulted in damage. See Oklahoma City v. Eylar, 177 Okla. 616, 61 P. (2d) 649. A jail is not a nuisance per se. The record discloses no contention that, due to improper, careless, or negligent management, the same became a nuisance. Therefore defendant's recovery cannot be sustained on the nuisance theory.

Defendant, in this case, relies upon the general rule that the elements of damage, where property is taken or damaged for public use, include all damages or injuries arising from the exercise of the right of eminent domain which cause a diminution of the value of private property, whether this results directly to the property, or is but an interference with the right which

618

the owner has to the legal and proper use of the same. City of Tulsa v. Horwitz, 131 Okla. 63, 267 P. 852. We find no fault with the rule. The question presented here is whether or not it has application to the facts in this case. This was instituted as a condemnation proceeding under the power of eminent domain, but it was instituted some 18 months after the jail was constructed. A fair analysis of the facts impels the conclusion that defendant's demand for what he refers to as consequential damages in his cross-petition were not, in the strict sense of the word, consequential damages resulting from the appropriation of his property, but were damages resulting from the close proximity of the jail to his residential property. The fact that defendant's property was taken under the power of eminent domain does not operate to enlarge or diminish his right against plaintiff to recover damages for the depreciated value of the property not taken.

In the case of City of Winchester v. Ring, 312 Ill. 544, 144 N. E. 333, 36 A. L. R. 520, it was held that inconvenience from the proximity of a cemetery to one's dwelling house is not a damage within the meaning of a constitutional provision requiring compensation for property damaged for public use. We quote from the body of the opinion:

"There are certain injuries which are necessarily incident to the ownership of property in towns or cities which directly impair the value of private property, for which the law does not, and never has afforded any relief. For instance, the building of a jail, police station, or the like will generally cause a direct depreciation in the value of the neighboring property; yet that is clearly a case of damnum absque injuria. * * *"

In the case of Schuler v. Wilson, 322 Ill. 503, 153 N. E. 737, 48 A. L. R. 1027, it was held that the owner of property adjoining a parcel condemned for a school playground is not entitled to compensation, although the value of his property is depreciated by the use of the condemned property for such purpose. See Annotations 48 A. L. R. 1031, 36 A. L. R. 527; 10 R. C. L. p. 168, par. 148; Van De Vere v. Kansas City, 107 Mo. 83, 17 S. W. 695; Lambert v. Norfolk, 108 Va. 259, 61 S. E. 776, 128 A. S. R. 945, 17 L. R. A. (N. S.) 1061. In each of these cases there was involved a constitutional provision identical with our own. Our attention has been directed to no case in this jurisdiction which conflicts with the above rule, notwithstanding the holding in the case of Oklahoma City v. Vetter, supra, where a recovery was sustained for the location and improper maintenance of the hospital. It therefore follows that defendant is not entitled to a recovery of damages arising solely by virtue of the close proximity of the jail to his property, in the absence of a showing that due to improper, negligent, or careless management the same became a nuisance.

Various other propositions of law and procedure are presented and argued in the brief, but having taken this view of the matter, it becomes unnecessary to consider them.

That portion of the judgment awarding defendant $150 as the actual value of the land taken is affirmed, and that portion of the judgment awarding defendant $600 as damages to the property not taken is reversed, with costs charged against plaintiff in error.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY and GIBSON, JJ., absent.