CITY OF McALESTER, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Donald M. KING and Marjorie J. King, Defendants in Error.

No. 38532.

Supreme Court of Oklahoma.

Aug. 2, 1960.

Arnote, Bratton & Allford, by Walter J. Arnote, McAlester, for plaintiff in error.

Robert J. Bell, Charles B. Tucker, by Robert J. Bell, McAlester, for defendants in error.

JOHNSON, Justice.

This is the defendant's second appeal to this court from a judgment for the plaintiffs.

The results of the first appeal are reported in City of McAlester v. King, Okl., 317 P.2d 265.

This first appeal involved an action by property owners against the City of McAlester for damages caused by the erection of a water tower on adjacent property. The District Court of Pittsburg County entered judgment for the property owners, and the City appealed. This court held, among other things, that while the original petition failed to state a cause of action, admission without objection of evidence tending to prove damages to property by directing excess water from rain storms onto land, or property of the plaintiffs, was sufficient to prove compensable injuries, but for certain errors pointed out in the opinion the cause was reversed and remanded with instructions to grant the defendant a new trial and to proceed in accordance with the views expressed in the opinion.

At the first trial a jury verdict and judgment was rendered in favor of the plaintiffs, Donald M. King and Marjorie King, against the City of McAlester for damages in the sum of $3,800. On the second trial, following our decision in the first appeal, City of McAlester v. King, supra, the jury's verdict was for the plaintiffs for $3,000. This appeal involves the legality of this second verdict and judgment.

The plaintiff in error (defendant) presents its assignments of error under three propositions.

Its first proposition in substance is that the original petition wholly failed to state a cause of action and that the present suit tried on an amended petition filed in the case more than two years after the

cause of action accrued is barred by the two-year statute of limitations, 12 O.S. Supp.1953, § 95.

This proposition is without merit. This question was settled in our decision in City of McAlester v. King, supra, wherein we held that the cause of action, as amended during the trial, stated a case of physical invasion, and thereby rendered the City of McAlester amenable to the action for damages. The amended petition filed in the case after remand for a new trial was merely a written pleading reiterating the issues raised during the first trial of the case and approved by this court in the City's first appeal, City of McAlester v. King, supra. See also City of Oklahoma City v. Daly, Okl., 316 P.2d 129.

■ The City's second proposition is that the verdict and judgment based thereon is not sustained by the evidence and is so excessive as to per se indicate passion, prejudice and a consideration of improper factors affecting the market value of plaintiffs' property.

All the evidence for the plaintiffs and the defendant affirms the allegations of damage to plaintiffs' dwelling (property). The witnesses only differed in their amount of damages. The plaintiffs' witnesses estimated the amount of damages sustained by the property (owners) from $5,000 down to approximately $2,000. The defense witnesses estimated the damages sustained by the property as high as $4,000 and as low as a few hundred dollars. The jury was permitted to view the property after hearing the witnesses detail the items of physical invasion of the property, such as cascading water, ice and snow from the 151 foot water tower, or tank, upon the plaintiffs' house and yard, or property, and the loud noises caused by the wind blowing around the tower, which noises were described as sometimes being so loud as to keep the occupants of the house awake at night.

■ We think that there was competent evidence reasonably tending to sustain the verdict of the jury and the judgment of the trial court based thereon, City of Oklahoma City v. Daly, supra; City of McAlester v. King, supra; and, under the rule that: where there is any evidence or inferences to be drawn therefrom reasonably tending to sustain a verdict and judgment based thereon, this court will affirm same on appeal.

In this connection, with reference to the defendant's second proposition, the City states that if it be assumed for the purpose of argument that plaintiffs' action was not barred by the statute of limitations that the judgment rendered was in an amount so excessive as to necessarily indicate passion and prejudice, and also to necessarily indicate that the jury must have considered improper factors affecting the market value of plaintiffs' property, such as the mere fact that the tower was built after the plaintiffs purchased their home, and the unsightliness of the tower, or the aesthetic effect upon the property, or neighborhood in common, neither of which could properly be considered. City of McAlester v. King, supra.

However, from our examination of the evidence, we do not find a lack of testimony on the issue of the amount of damages caused by the physical invasion of the plaintiffs' property hereinbefore described. But rather, as we see and analyze the evidence, it clearly sustains the verdict as to the amount of damages awarded plaintiffs. Only the credibility of the various witnesses could be questioned due to their variation in their estimated amounts of damages sustained by reason of such physical invasion of the plaintiffs' property; and, of course, that was a question for the jury to determine. Therefore, the City's contentions in this respect are without merit.

The third and final proposition of the defendant is that the trial court erred in refusing to instruct the jury as to the factors that should not be considered in award-

ing damages to the plaintiffs for any injury to their property.

In other words, this proposition goes to the alleged error of the court in refusing to give defendant's requested instructions numbers 2, 3 and 4.

An examination of the instructions given by the trial court discloses that the court adequately covered the issues presented by defendant in its requested instructions. The court, in effect, instructed the jury that inconsequential inconveniences were not compensable. As a matter of fact, such appears in the court's instructions more than once. The court's instructions limited the jury to the consideration of noises and the striking of the property by rain, sleet, snow and ice cascading from the tower onto the plaintiffs' property and thereby damaging it. The jury was instructed that the cascading of snow, ice, etc. must be in such manner as to damage the roof and walls; and instruction number 3 said that if the jury should find these conditions exist, that noises which constitute mere inconvenience, or which are trivial, are not compensable; that the noises must be unreasonable in degree and must cause actual physical discomfort to persons of ordinary sensibilities.

In fact, when the instructions as given are considered as a whole, they fairly instructed the jury on both issues of fact and law; therefore, we are of the opinion that the refusal to give the defendant's requested instructions was not error.

For the reasons given herein and under the authority of City of McAlester v. King, supra, and City of Oklahoma City v. Daly, supra, the jury verdict and judgment based thereon is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY and BERRY, JJ., concur.

BLACKBIRD, JACKSON and IRWIN, JJ., dissent.