**J. H. CHEATHAM, doing business as Hank's T. V. Sales and Service, Plaintiff in Error,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, Defendant in Error.**

No. 39212.

Supreme Court of Oklahoma.

March 13, 1962.

As Amended March 23, 1962.

Rehearing Denied May 23, 1962.

Roper & Roper, Oklahoma City, for plaintiff in error.

Morgan & Ferrish, by Francis G. Morgan, Oklahoma City, for defendant in error.

PER CURIAM.

The plaintiff's petition in substance states: That on May 6, 1958, plaintiff entered into an insurance contract with the General Insurance Company of America, defendant, who was represented by its au-

thorized agent, John C. Smith. Defendant is a foreign corporation and is licensed to do business in Oklahoma. A photostat copy of said insurance contract is made a part of this petition and incorporated into this petition as Exhibit A. That on or about June 12, 1959, plaintiff had stolen from his station wagon one R.C.A. portable combination radio and television with a retail price of $149.95; and one Admiral portable T.V. with a retail price of $126.50, which are also the fair market values of said T.V. sets. Said sets were stolen by an unknown person while plaintiff was preparing to load another set into plaintiff's station wagon; that said station wagon was unlocked at the time of said theft; but that said station wagon was being attended by plaintiff; that said T.V. sets were stolen within approximately a five minute period, while plaintiff was obtaining a third set from his store to load into said station wagon, which was backed up near to, and not more than three feet from, plaintiff's place of business.

The answer of the defendant was a general denial.

The cause was tried to a jury and it returned a verdict for defendant.

The answer to one question is decisive of this case, to-wit: Was the property left unattended so as to come within exclusion clause of the insurance policy?:

"Perils Excluded

"(h) Theft (including attempt thereat) of property while unattended in or on any motor vehicle or trailer, unless contained in a fully enclosed and securely locked body or compartment of such vehicle and theft results from forcible entry evidenced by visible marks, into the body or compartment but this exclusion shall not apply to property in the custody of carriers or bailees for hire."

There is no contention of the plaintiff that the station wagon was locked when the property was taken therefrom or that the property was "in the custody of carriers or bailees for hire."

■ The evidence of the plaintiff was he loaded the property in the station wagon located by his place of business, and went back into the building for about five or ten minutes, and, when he returned to the station wagon, the property was gone. Such evidence was sufficient to warrant the jury in finding that the property was unattended when it was taken and that therefore the property that was stolen was not covered by the policy.

We find no merit in the contentions of the plaintiff that the trial court should have instructed the jury on the meaning of the word "attended" or that it was erroneous to instruct that the definition of the word "unattended" is "unaccompanied" or that there was no evidence to sustain the verdict.

■ Since the case was properly submitted to the jury, and it returned a verdict for the defendant and the trial court rendered a judgment on the verdict, there was no error about which the plaintiff could complain. City of McAlester v. King, Okl., 354 P.2d 777.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., and DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and JOHNSON, J., dissent.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.