WENDEROTH *v.* BAKER.

5-3287                                              382 S. W. 2d 578

Opinion delivered October 12, 1964.

*Harper, Harper, Young & Durden, Warner, Warner, Ragon & Smith,* for appellant.

*Mark E. Woolsey, Don Gillespie* and *Don Langston,* for appellee.

GEORGE ROSE SMITH, J. The appellants are residents of Fort Smith, owning homes in the eastern part of the

city. The appellees, whom we will refer to as the Commission, are the members and directors of the State Highway Commission, their official residence being in Pulaski county. In 1963 the Commission began the construction of Interstate Highway 540, a four-lane limited-access highway that will pass through the residential district where the appellants live. This suit was brought by the appellants, either as plaintiffs or as interveners, to enjoin the Commission from proceeding with the construction of the highway until adequate security has first been given for the payment of the appellants' compensable damages. The chancellor dismissed the suit, finding that the proposed construction does not involve any compensable injury to these property owners. That is the issue on appeal.

Several different questions are presented. We consider first the case of Mrs. Wenderoth and Mr. and Mrs. Pierce, who complain that as a result of the new highway they will be compelled to travel an added half a mile to reach the Fort Smith business district or to take their children to school. These plaintiffs live on Kinkead Avenue, which will be blocked by the new highway at a point a few hundred feet east of their homes. Instead of being able to drive down Kinkead directly to town or to the school they will have to travel to and from an underpass a quarter of a mile north of Kinkead in order to cross the new highway.

Any diminution in property values that may result from an inconvenience of this kind is not compensable. In *Risser* v. *City of Little Rock,* 225 Ark. 318, 281 S. W. 2d 949, we rejected a similar claim, pointing out that such damages are not special or peculiar to the complaining landowners. As we said there: "Every person that travels the street suffers the same inconvenience as the appellants." Thus the case falls within the rule that "a landowner whose land is not being taken is not entitled to compensation for damage of the same kind as that suffered by the public in general, even though the inconvenience and injury to the particular landowner may be greater in degree than that to others." *Ark.*

*State Highway Comm.* v. *McNeill,* 238 Ark. 244, 381 S. W. 2d 425.

The other appellants, Mrs. Crigler and Dr. and Mrs. Haynes, own homes that are directly across the street from each other on Park Avenue, an east-west street. The new highway, running north and south, will occupy a right-of-way that borders on the western side of these appellants' lots. The new roadbed will pass under Park Avenue at right angles at a depth of 27 feet. The underpass will be in a cut having sloping sides that furnish lateral support for the Crigler and Haynes lots.

No change is to be made in the grade of Park Avenue, upon which the two homes front and to which their driveways provide access. No part of either lot is being taken. It is insisted, however, that the owners will suffer special compensable damages because their lots will lie along a sloping 27-foot cut instead of along the level ground that formerly existed.

This contention is not well taken. It is not enough for a landowner to show that his damage differs from that suffered by the general public. He must also show either that part of his land has been taken or that a property right has been invaded. Nichols, Eminent Domain (3d Ed.), § 14.1. It must often happen that the value of a city lot is diminished as a result of the condemnation of adjoining property for some distasteful purpose, such as the construction of a city jail. But, as the court convincingly demonstrated in *City of Geary* v. *Moore,* 181 Okla. 616, 75 P. 2d 891, this is an injury "for which the law does not, and never has, afforded any relief."

In the *McNeill* case, *supra,* we held that the condemnation of a highway right-of-way alongside a lot in a residential district does not make the State liable for the ensuing reduction in the value of neighboring property. The only difference between that case and this one is that here the highway is to be below the original ground level. A landowner, however, cannot complain because his neighbor reduces the grade of his lot. *Holden* v. *Carmean,* 178 Ark. 375, 10 S. W. 2d 865. Thus there is

no distinction in principle between the *McNeill* case and this one. Our holding in *Ark. State Highway Comm.* v. *Partain,* 192 Ark. 127, 90 S. W. 2d 968, affords the appellants no support. There the grade of an existing street that bordered Partain's property was raised by the Highway Commission. We merely followed our settled rule that a landowner who improves his property in reliance upon the grade of an abutting street suffers a compensable damage if the grade is changed. That is not the situation here, for these appellants' lots were not previously bounded by a street on the west.

The new highway, at the bottom of the proposed cut, will curve slightly as it passes the Crigler and Haynes lots. If the edge of the right-of-way being condemned paralleled this curve in the paved highway it would cross at least a corner of these two lots. At first the Commission attempted to purchase the corner of Mrs. Crigler's lot that would be needed to make the right-of-way parallel the pavement. The parties were unable to agree upon the purchase price, however, and the Commission abandoned its efforts to acquire this corner, as it was free to do. *Selle* v. *City of Fayetteville,* 207 Ark. 966, 184 S. W. 2d 58. The Commission evidently decided that the acquisition of a right-of-way across the corners of the Crigler and Haynes lots was not necessary to the completion of the project. We do not perceive how the Commission's decision *not* to condemn a portion of these appellants' property entitles them to special damages. It is true that their lots now jut slightly into the public easement, but a comparable situation exists in the case of any corner lot that lies at the intersection of two city streets. The situation in itself is not damaging.

There is no merit in the contention of Dr. and Mrs. Haynes that they are entitled to compensation because their home has been damaged by clouds of dust that were created by the construction work. This is not a taking. It is at most a tort for which the sovereign State cannot be held liable. Ark. Const., Art. 5, § 20. Nor is the Commission responsible for the city's action in

removing its water main from the new right-of-way and re-laying it along the edge of the Haynes lot. This is not State action.

Affirmed.