EARL, TRUSTEE *v.* ARK. STATE HWY. COMM.

5-3926                                         405 S. W. 2d 931

Opinion delivered September 12, 1966

*Howell, Price & Worsham* and *Ted Mayer; Gordon & Gordon; Moses, McClellan, Arnold, Owen & McDermott,* for appellant.

*George O. Green, Don Langston,* for appellee.

PAUL WARD, Justice. On June 19, 1964 Charles H. Earl (trustee for John Charles Earl) brought this suit against the Arkansas Highway Commission to enjoin the construction of a portion of Interstate Highway 40 (a controlled-access highway) across the eastern portion of "Earl's Lakeside Subdivision" which adjoins Lake Conway and which lies a few miles south of the City of Conway in Faulkner County. We may hereafter refer to the plaintiff as "Earl," to the defendant as "Commission," and to Earl's Lakeside Subdivision as "Subdivision." For a better understanding of the is-

sues here involved we set out below a brief summary of pertinent and undisputed facts.

The Subdivision was dedicated and the plat filed of record in 1962: In May 1964 the Commission filed a declaration to take several lots in the Subdivision over which the highway was to be constructed: The lots so taken are not involved in this litigation: Originally Earl owned all the lots in the Subdivision—approximately 200—and he still owns them excepting the ones taken by the Commission and excepting about twelve lots which he has sold, or contracted to sell, to certain individuals (hereafter referred to as "purchasers"): On April 8, 1965 said purchasers intervened and joined Earl in asking the Chancery Court to enjoin the Commission from constructing said highway until it compensates them for divers elements of damages to their property.

After a hearing the trial court refused to enjoin the Commission, holding that neither Earl nor any of the purchasers was entitled to compensation. There was one modification of the court's holding which we will mention and discuss later.

After carefully considering the several grounds on which appellants base their claims and the reasons given by the learned Chancellor for denying the same, we have concluded that the trial court must be affirmed. We now discuss separately the several contentions presented by appellants.

*One.* We find no merit in appellants' contention that they are entitled to recover damages for the loss of "rights in street-easements and the fee . . . taken by the State." None of these appellants owned any lot that abutted on any street at the place where the street was taken by the Commission. In fact it merely blocked off streets which intersected the new highway, acting in conformity with Ark. Stat. Ann. § 76-2207 (Supp. 1965). No land or lot belonging to any appellant was taken by the State, and any inconvenience suffered by appellants

is likewise suffered by the general public. In the case of *Ark. State Highway Comm.* v. *McNeill*, 238 Ark. 244, 381 S. W. 2d 425 we find this statement:

"It is well settled in Arkansas that a landowner whose land is not being taken is not entitled to compensation for damage of the same kind as that suffered by the public in general, even though the inconvenience and injury to the particular landowner may be greater in degree than that to others."

*Two.* This point raised by appellants relates to the "one modification" of the decree referred to previously. The court held that "the closing of Charles Street, Lakeside Drive, and Conway Circle make it necessary that other access to Highway 65 be obtained." It appears from the evidence that these streets had been left in such condition that they were unusable, and the court, in effect, ordered the Commission to place these streets "in the same condition as other streets in the addition" within thirty days. The court later found that this order had been fully complied with, and there is no contention here to the contrary. This was all the relief appellants were entitled to receive in this action which was not brought for damages but for injunctive relief.

*Three.* It is ably and vigorously contended by appellants that they should be compensated for loss of ingress and egress to Lake Conway. It is not denied that appellants may have been inconvenienced or that their lots may be less valuable because they can no longer travel certain streets leading directly to the lake. Likewise it is not denied that they still have access to the lake by traveling a less direct route. However, this inconvenience or loss is something that is also shared by the public in general and is not, under many decisions of this Court, compensable. See: *Risser* v. *City of Little Rock*, 225 Ark. 318, 281 S. W. 2d 949. It is possible that appellants' inconvenience or loss may be of a greater degree than that of others living in the addition or of the public in general, but this fact (if it is a fact) does not

14

entitle appellants to compensation. See *Wenderoth* v. *Baker,* 238 Ark. 464, 382 S. W. 2d 578, and also the *Mc-Neil* case, supra.

*Four.* It is here insisted by appellants that their view of the lake has been marred or destroyed. It is admitted by appellants that their claim for compensation in this instance is based on the same reasons advanced in support of point Three above. The trial court was correct in denying compensation for loss of airview for the reasons already set forth in said point Three. In *Holden* v. *Carmean,* 178 Ark. 375, 10 S. W. 2d 865 this Court said:

> "The trial court held that the mere excavation of the Rogoski part of the lot conferred upon appellant no cause of action, and we concur in that view. Rogoski had the right to excavate his property to the grade line of the streets, and if appellant was injured thereby it was, so far as Rogoski was concerned, *damnum absque injuria.*"

By the same token the Commission had the right to raise the grade line on its right-of-way even though, in doing so, it may have obstructed appellants' view of the lake. No property owner has an absolute right to an unobstructed view from his premises so long as his property rights are not involved. To hold otherwise would seriously hamper the development of residential (and industrial) areas in cities and towns.

*Five.* Finally, appellants contend they suffered a loss because certain streets were blocked by the new highway. The answer to this contention is found in what we have already said in point Three above. Here it is not contended that any part of appellants' lots was taken or that they have been deprived of the right of ingress or egress to and from their property.

Finding no reversible error, the decree of the trial court is affirmed.

Affirmed.

McFADDIN, BLAND & AMSLER, JJ., dissent.

ED. F. McFADDIN, Justice, dissenting. I desire to preserve the views expressed in my dissenting opinion in *Arkansas State Highway Comm.* v. *McNeill,* 238 Ark. 244, 381 S. W. 2d 425, so I respectfully dissent in the present case; and I am authorized to state that Justices Amsler and Bland join me in this dissent.