## OSCEOLA HOUSING AUTHORITY v.
## NELLA DUNN GILLESPIE

5-4469 424 S. W. 2d 521

Opinion delivered March 4, 1968

*James E. Hyatt, Jr.,* for appellant.

*Oscar Fendler* and *Leon Burrow,* for appellee.

LYLE BROWN, Justice. This is a condemnation case brought by the Housing Authority of Osceola, Arkansas, to acquire seven town lots to be used in a low-rent housing project. The appellee-owner, Nella D. Gillespie, was awarded $35,000 as just compensation. The basis for appeal by the Authority is set out in three points which will be enumerated and discussed in sequence.

Point I. *The landowner and her witness used "cost of replacement" and "capitalization" as the measure of damages.* Appellant challenges the use of those ap-

proaches to prove property values. Appellant relies on *City of Little Rock* v. *Sawyer*, 228 Ark. 516, 309 S.W. 2d 30 (1958). There it was held that replacement costs are not determinative of damages, "but we do conclude that it is admissible as an element or circumstance to be considered along with all other circumstances in arriving at a proper award."

Most of appellant's argument under Point I is aimed at Mrs. Gillespie's testimony. She showed a detailed acquaintance with the property, having for many years personally handled the rentals, repairs, taxes, insurance, and all the other duties incumbent on a landlady. The meaning of "fair market value" was explained to her and she said she understood it. She went into detail as to replacement costs and net rentals. She had recently bought property just across the street and testified, without objection, that she took that purchase into consideration. Under those circumstances her opinion of fair market value was admissible.

Witness D. S. Laney had known the property for at least twenty years. He buys, sells, and develops real estate in Osceola. His approach to the fair market value did not follow the customary detailed procedure of an expert appraiser in preparation for trial. However, he did base his opinion on his knowledge of the property, his awareness of some comparable sales, and his personal knowledge of values gained from his extensive dealings with Osceola properties.

Witness L. C. B. Young, being in Florida, testified by deposition. He did not have his appraisal file with him and testified from personal recollection. He had viewed the property with Mr. Laney before going to Florida. He frankly stated that he relied mostly on Mr. Laney's judgment because he is "something of an expert on residential property in that area of Osceola." He did not recall the exact figure, but did recollect that

the two men agreed that the minimum value would be at least $30,000. Mr. Young is a licensed attorney but has devoted the past several years to banking. He is presently the chief executive officer of Planters Bank in Osceola and has been evaluating real estate in Osceola for sixteen years. He testified that he did in fact consider Mrs. Gillespie's capitalization data; however, comparable sales were discussed, the properties were inspected, and effort was made "to consider all factors."

Witness E. M. Terry also qualified as an expert. He considered the assessment records, checked comparable sales, talked to several people, and used Mrs. Gillespie's capitalization figures after deducting 15 per cent for vacancy.

Point II. *The verdict was a result of prejudice against the Housing Authority and sympathy for the landowner-appellee.* In support of the contention appellant first cites extensive testimony of Mrs. Gillespie concerning her many worthy civic activities and her sentimental attachment to the property. There was never any objection to that testimony, nor was the court requested to restrict it.

Our attention is next called to a number of questions propounded by Mrs. Gillespie's counsel. The purpose of those questions, says appellant was to show that the housing costs were coming from unlimited federal funds rather than the town of Osceola. Mr. Fendler asked a series of not more than three questions concerning the source of funds. On each occasion objection was made and properly sustained. A conference on the subject followed and that action apparently caused a cessation in the objectionable line of questioning.

III. *The verdict is excessive.* On this point appellant emphasizes the extensive period of study of the

property made by its qualified appraisers. Those three witnesses estimated the landowner's just compensation to be $12,500, $19,900, and $19,900 respectively. The jury verdict was $35,000. Returning to the landowner's appraisal for comparison, they were: Dave Laney, between $35,000 and $40,000; L. C. B. Young, minimum of $30,000; E. M. Terry, $26,000; and Mrs. Gillespie, $50,000. One of the purposes in here summarizing the testimony of the landowner's witnesses was to reveal substantial evidence to support the jury verdict. The disparity between the appraisals is very common in eminent domain cases and is unfortunate. Yet the only rule we can follow is the substantial evidence rule.

We conclude that the three points are without merit.

Affirmed.