ARKANSAS STATE HIGHWAY COMM'N *v*
LOYD COFFMAN ET UX

5-5666                               473 S.W. 2d 873

Opinion delivered December 13, 1971

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*Cambiano & Cree* and *Jones, Stratton & Jones,* for appellees.

LYLE BROWN, Justice. This condemnation proceeding reaches us for the second time. See *Arkansas State Highway Comm'n.* v. *Coffman,* 247 Ark. 149, 444 S. W. 2d 689 (1969). The highway commission took 14.09 acres for Interstate 40. The strip taken traversed the entire southern edge of the Coffmans' 50-acre tract. On appeal it is contended (1) that the value testimony of appellees' appraiser contained an impermissible element of valua-

tion, (2) that appellees' appraiser gave no fair or reasonable basis for his opinion, and (3) that the verdict is not supported by substantial evidence and is excessive.

Turning to the first point, Loyd Pearce, the landowners' expert appraiser, testified that the taking blocked the landowners' ingress and egress to and from State Highway 247. It is true that the taking shut off such passageway which existed at the extreme southwest corner. Coming from Morrilton and in order to reach the remainder appellees will have to travel north on Highway 247 one-quarter mile and thence east one-quarter mile on a fifteen-foot undedicated county road. Pearce took that factor into consideration in arriving at damages. Appellant contends that damages are not allowable for circuity of travel, as evidenced by such cases as *Risser v. City of Little Rock,* 225 Ark. 318, 281 S. W. 2d 949 (1955), and *Wenderoth v. Baker,* 238 Ark. 464, 382 S. W. 2d 578 (1964). Among other things those cases hold that when a complainant's land is not included in the taking and the alteration of a street or highway imposes circuity of travel on the general public, that imposition is not compensable. We have before us an altogether different situation and a different rule has long been applied. When there is a partial taking of land and the condemnee is inconvenienced in the taking in his ingress and egress to the remainder, that inconvenience is a factor to be considered in assessing the landowner's damages. *Arkansas State Highway Comm'n. v. Union Planters National Bank,* 231 Ark. 907, 333 S. W. 2d 904 (1960); *Malvern & Ouachita River R. R. Co. v. Smith,* 181 Ark. 626, 26 ∴ W. 2d 1107 (1930); *Springfield & Memphis Ry. v. Rhea,* 44 Ark. 258 (1884); *St. Louis, Ark. and Texas R. R. v. Anderson,* 39 Ark. 167 (1882). The first point is without merit.

Appellant's second point—that the landowners' appraiser gave no fair or reasonable basis for his opinion —appears to have two facets. First, it is said that the appraiser took segments of different values, averaged them, and applied the average to the entire parcel. We do not so interpret the testimony. The appraiser treated the entire fifty acres as a unit for valuation purposes

and gave a before value of $500 an acre. He also said that "it *could* also be broken down in another way." That procedure, he said, would be to fix a value of the ten acres fronting Highway 247 at $750 per acre; the fifteen acres fronting on the county road and north of Caney Creek, $500 an acre; and the twenty-five acres south of Caney Creek, $400 an acre. The witness said in substance that he considered the possibility of valuation by segments to prove up his overall value of $500 an acre. He definitely stated that he was using the unit rule: "Mr. Cambiano, that is based on a value of $500 per acre as compared with what lands in the area are selling for." Actually the two methods of valuation reach the same total of value—$25,000.

The other facet of the second point is that the appraiser took the average of comparable sales prices as a guide to his valuation of the subject property. We are not cited to any portion of the record which reveals that the appraiser struck an average price on the comparables. The witness said he adjusted, on a plus or minus basis as the case might be, and when so adjusted, justified a valuation to the subject lands of $528 per acre. We assume he "rounded it off" at $500, or reduced it $28 as a precaution.

As to the third point we find the testimony to be substantial. Incidentally it is $10,000 under the award in the first case. Coffman described extensively the nature of the land and the cost of two dwellings and two modern chicken houses. Appraiser Loyd Pearce testified in minute detail about the land and improvements and related seven comparable sales. His testimony required twenty-three pages of abstracting. He recited outstanding credentials, with considerable experience in numbers of appraisals in the area of the subject property. With regard to the alleged excessiveness of the verdict it was $1,450 under Pearce's appraisal. Improvements in the taking consisted of a residence, a modern poultry house, and a barn. Fifteen acres abutting Highway 247 were taken. Unquestionably the taking substantially damaged the remainder of the land and depreciated improvements not taken, including a second residence, a poultry house, a

well house, and a storage building. We find the evidence supporting just compensation to be substantial.

Affirmed.