ARKANSAS STATE HIGHWAY COMM'N *v*
WILLIAM I. LUSBY ET UX

5-5732                                          475 S.W. 2d 707

Opinion delivered February 7, 1972

*Thomas B. Keys, Hubert E. Graver* and *James N. Dowell,* for appellant.

*Joe M. Fore,* for appellee.

FRANK HOLT, Justice. This is an action in eminent domain brought by the appellant against appellees-landowners for the acquisition of 19.06 acres from a 111-acre tract and .72 acre from a 2.42-acre tract for the construction of Interstate Highway No. 30 and its facilities. The jury awarded appellees $22,500 as just compensation.

For reversal of the judgment appellant first asserts that the value testimony of one of the appellees' expert appraisers incorporated an impermissible element of valuation. Appellant argues that it was error for this expert appraiser to attach any significance to the fact that the construction of the interstate highway would require the landowners to travel a more circuitous route between their property and the City of Prescott. The expert witness testified that the appellees' property joined the city limits of Prescott; that subsequent to the condemnation the county road located south of appellees' house was severed; that appellees must now travel one-half mile west and one-half mile south to reach Highway No. 24; that as a result, access to appellees' property is one mile further from Prescott than it was prior to the condemnation; and that the increased travel distance from Prescott would make the property less desirable and would reduce the market value.

It is a well-settled rule of law that the alteration of a highway which imposes circuity of travel on the general public is not a compensable damage. *Wenderoth* v. *Baker,* 238 Ark. 464, 382 S. W. 2d 578 (1964). However,

when there is a partial taking of land and the landowner is inconvenienced by the taking of his ingress and egress to the remainder, as here, that inconvenience is compensable and should be considered in assessing the landowner's damages. *Arkansas State Highway Comm'n. v. Coffman*, 251 Ark. 590, 473 S. W. 2d 873 (1971). See, also, *Arkansas State Highway Comm'n. v. Lemley*, 250 Ark. 186, 464 S. W. 2d 605 (1971). We find no merit in appellant's contention that appellees' value witness considered an impermissible element of valuation.

Appellant next contends that the verdict is not supported by substantial evidence and is excessive. In support of this contention the appellant argues only "three areas of unsubstantiality in the testimony of Mr. Brown," one of appellees' expert witnesses; namely, (1) the failure of this witness to itemize the after contributory value as to each improvement on the lands, (2) his testimony relating to comparable sales, and (3) his valuation techniques. We deem unnecessary a detailed discussion of these areas since there was no objection or motion to strike any portion of the witness's testimony pertaining to these areas and, further, those arguments are raised for the first time on appeal. *Arkansas State Highway Comm'n. v. McDonald*, 250 Ark. 1011, 468 S. W. 2d 231 (1971); *Arkansas State Highway Comm'n. v. Sadler*, 248 Ark. 887, 454 S. W. 2d 325 (1970); *Arkansas State Highway Comm'n. v. Darr*, 248 Ark. 730, 453 S. W. 2d 719 (1970); *Osceola Housing Authority v. Gillespie*, 244 Ark. 248, 424 S. W. 2d 521 (1968). In the case at bar there was evidence adduced by appellees that their just compensation was $22,500. Appellant's largest estimate as to the landowners' iust compensation was $10,500. As we said in *Osceola Housing Authority v. Gillespie, supra;* "The disparity between * * * appraisals is very common in eminent domain cases * * *. Yet the only rule we can follow is the substantial evidence rule." From our review of the record, as presented in the case at bar, we are of the view that the evidence is not insubstantial nor is the verdict excessive.

Affirmed.