Don MINTON, Diane Minton, Steve Brown, and Brenda
Brown *v.* CRAIGHEAD COUNTY

90-238                                          800 S.W.2d 707

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Blackman & Nix, P.A.*, by: *J. Robin Nix II*, for appellant.

*Henry, Walden & Davis*, by: *Mike Walden*, for appellee.

DAVID NEWBERN, Justice. This is an inverse condemnation
case. The appellants, Don and Diane Minton and Steve and
Brenda Brown contended in the circuit court that their residential
properties had been devalued because the appellee, Craighead
County, had built a jail in their neighborhood. They also
contended they were entitled to damages because of loss of access
to their properties and the fact that they will have to live in
constant fear of jail breaks. The court granted the county's
motion to dismiss for failure to state facts upon which relief could
be granted. Ark. R. Civ. P. 12(b)(6). We affirm the dismissal.

In neither their complaint nor in argument made to the
circuit court or here have the Mintons and Browns stated how
they have been deprived of access to their properties. They do not
state that the jail site is contiguous or shares a common boundary
with either of them. *See Earl* v. *Arkansas State Highway
Comm.*, 241 Ark. 11, 405 S.W.2d 931 (1966). That leaves only
the fact that a jail in the neighborhood lowers the value of their
properties.

The Mintons and the Browns base their argument on Ark.
Const. art. 2, § 22, which provides: "The right of property is

before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." We have held many times that an injury such as the one alleged here does not constitute a compensable taking, appropriation or damage.

In *Wenderoth* v. *Baker*, 238 Ark. 464, 382 S.W.2d 578 (1964), we considered various arguments made by owners of property in a Fort Smith neighborhood through which land had been taken for a new interstate-type highway. The complainants' lands had not been used directly for the highway, but they had been inconvenienced in various ways. Some contended, for example, that they were entitled to special damages because their lot, which once was bordered by level ground, was bordered by a 27-foot deep cut. We held the contention was not well taken, and explained:

> It is not enough for a landowner to show that his damage differs from that suffered by the general public. He must also show either that part of his land has been taken or that a property right has been invaded. Nichols, Eminent Domain (3d Ed.), § 14.1 It must often happen that the value of a city lot is diminished as a result of the condemnation of adjoining property for some distasteful purpose, such as the construction of a city jail. But, as the court convincingly demonstrated in *City of Geary* v. *Moore*, 181 Okla. 616, 75 P.2d 891, this is an injury "for which the law does not, and never has, afforded any relief." [238 Ark. at 466, 382 S.W.2d at 579.]

*See also Earl* v. *Arkansas State Highway Comm.*, *supra*; *Arkansas State Highway Comm.* v. *McNeill*, 238 Ark. 244, 381 S.W.2d 425 (1964).

Affirmed.