LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* ALLISTER.

Opinion delivered February 9, 1901.

1. CONDEMNATION PROCEEDING—SALE OF LAND PENDENTE LITE.—Where a railway company instituted a proceeding against the owner to condemn a right of way through land, the defendant's right to recover damages for the taking of his land is not affected by his sale of the land during the pendency of the suit. (Page 602.)

2. SAME—DAMAGES.—Where the defendant in a condemnation suit has, pending the suit, sold the land which the railway company seeks to condemn, he will not be required to show that he received a lower price than he would have received if the railway had not been built. (Page 602.)

3. SAME—REDUCTION OF DAMAGES BY PROOF OF BENEFITS.—The damages recoverable in a railway condemnation proceeding cannot be reduced by showing that the remainder of defendant's land would be benefited by the increased facilities for shipping coal furnished by the construction of the road. (Page 603.)    ●

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

STATEMENT BY THE COURT.

The Little Rock & Fort Smith Railway Company brought an action against D. and J. Allister to condemn a right of way across certain lands in which they owned a reversionary interest. Defendants filed an answer, setting up special damages and injury to that part of their land not embraced in the

the right of way. On a trial to ascertain the damages to the landowners, damages were assessed in favor of defendants in the sum of $2,000. An appeal was taken, and on a hearing in this court the judgment was reversed, and a new trial ordered. Before the case was reached for another trial the Allisters had sold and conveyed the land to third parties from whom the railway company had through mesne conveyances obtained the right of way for which the suit had been instituted. The company, having thus acquired the right of way which it sought to condemn, asked permission to dismiss its action. The court granted the request, and dismissed the action, but reserved to the defendants the right to proceed to trial upon the claim of damages set up in their answer. The company thereupon filed its reply to the answer of the defendants, denying the averments of the answer of defendants, and also alleging that the lands of defendant were coal lands, and by reason of the construction of the road over the land "the owners of the same were offered facilities for mining and shipping coal which they otherwise would not have had, and that the special value of the lands for mining purposes was made and created by the construction of the railroad."

A demurrer was sustained to the paragraph of the reply alleging benefits to the lands of defendants. Upon a trial there was a verdict and judgment against the company for the sum of $530. From this judgment the company appealed.

*Dodge & Johnson* and *Oscar L. Miles*, for appellant.

The court erred in sustaining appellees' demurrer to that part of appellant's answer which set up special benefits to appellees' coal lands by reason of the railroad. The statute (Sand. & H. Dig., § 2732) excluding such benefits from the compensation to be made to the owner applies only to lands actually appropriated and taken, and not to land which is merely incidentally damaged but not taken. *Cf.* 54 Ark. 140; See also Ell. Railroads, §§ 988, 989; 150 Ill. 362; 49 Ark. 381; 36 Ark. 205; 149 Ill. 272; 46 Ala. 569; 83 Cal. 240; 5 Dana, 28–34; 31 La. An. 433; 55 Hun, 165; 129 N. Y. 576; 4 Jones, Law, 89, 93; 5 Oh. St. 568; 3 Oh. St. 108; 3 Ore. 99–102; 4 Ore. 428–432; 2 Swan, 440; 95 Pa. St. 426;

5 Gray, 39; 6 Allen, 118; 42 Atl. 372; Lewis, Em. Dom. § 476.

*G. O. Patterson* and *J. E. Cravens*, for appellees.

The answer set up general benefits from the building of the road, instead of special benefits; and hence it was proper to sustain the demurrer.    150 Ill. 362; 118 N. Y. 618.

RIDDICK, J. (after stating the facts.)    This is an action for the assessment of damages for a railroad right of way across lands of defendants.    The defendants claim that their land was underlaid with coal; that they had a slope or entrance to the coal by which the coal was brought out of the mine to the surface; that this slope or entrance was destroyed or rendered useless by the construction of the railroad; and that they were in that way injured in a large amount.

The first contention on the part of the appellant company is that the defendants have no right to recover, for the reason that they had not only leased the land before the railroad had been built, but that, since the commencement of the action, they had sold their reversionary interest in the land.    But if the defendants were the owners of a reversionary interest in the land across which the railroad was constructed, and if this reversionary interest was damaged by the construction of the road and the taking of the right of way, they can recover damages to the extent of that injury.    The right of way here had been taken, the road constructed, and this action commenced, before the reversion was sold.    Defendant's right of action was complete when the injury occurred, and they did not sell it by selling their reversionary interest. *Roberts* v. *Northern Pac. Railroad Co.*, 158 U. S. 1; 3 Elliott, Railroads, § 100.

But counsel for the company contends, as the defendants did not show that they were compelled on account of the construction of the railroad to receive a lower price for their interest in the land than they would otherwise have received, that it is not shown that they were injured.    We cannot concur in this view of the matter.    On the contrary, even if it was shown that defendants did not reduce their price for the land on account of the construction of the road and the taking of the right of way, if they were not compelled to receive a less price on that account, this would by no means be conclusive of their right

to recover in this action; for their right to recover depends upon whether the value of their reversionary interest was in fact injured by the taking of the right of way and construction of the road, not upon the price for which it was afterwards sold. If defendants received a full price for their reversionary interest after the construction of the railroad, this would no doubt tend to show that such estate was not injured, but it would not be conclusive, for they may have sold it for more than its value. In other words, the fact, if shown, that they sold it at a good price would not relieve the company from responsibility for any damage actually caused, though it might be evidence that none was caused. Again, it is possible, under the rules of law which govern such cases, for one to be entitled to recover damages caused by the construction of a railroad across his land when in fact the land is worth more afterwards than it was before the construction of the road; for the general benefits received from the construction of the road may be greater than the special injury, but, as general benefits cannot be considered, it not infrequently happens that a judgment for damages in right of way cases must be sustained, though, if benefits of all kinds could be considered, no injury would be found. It is apparent from this that the mere failure of defendants to prove that the price which they afterwards received for their interest was affected by the construction of the road is a matter of little consequence now. It is sufficient that the jury have found that the estate of defendants was injured as alleged, and that there is evidence to support the finding.

We are also of the opinion that the circuit judge was correct in holding that the damages occasioned to defendants by the construction of the railroad across their land could not be reduced by showing that the land of defendants not taken would be benefited by the increased facilities in shipping coal furnished by the construction of the road. It was not alleged nor shown that the advantages to be derived by the defendants were in any way special or peculiar to them or different from those which other owners of coal land in that locality would receive from the construction of the railroad, and, as before'

604 stated, general benefits cannot be considered. The reason for

stated, general benefits cannot be considered. The reason for the exclusion of such benefits is that it would be unjust to charge the owner of land a part of which is taken by the company with those benefits which he receives from the construction of the railroad in common with the community in general when other land owners, whose lands do not happen to be taken, receive and enjoy such benefits equally with himself, and pay nothing for them.   Cooley, Const. Lim. (4th Ed.)  707.

The same reason, it is said, does not apply to special benefits, though it seems that our statute excludes such benefits also. After providing for a trial by jury to ascertain the amount of compensation which the company shall pay for the right of way, the statute provides that "the amount of damages to be paid the owner of such lands for the right of way for the use of such company shall be determined and assessed irrespective of any benefit such owner may receive from any improvement proposed by such company." Sand. & H. Dig. § 2776. Now, it has often been decided that the damages for the assessment of which this statute provides include not only the value of the land actually taken for the right of way but all injury to the remainder of the tract reasonably caused by the appropriation of the right of way and operation of the railroad. *St. L. A. & T. Rd.* v. *Anderson*, 39 Ark. 171; *Little Rock, Miss. R. & Tex. Ry. Co.* v. *Allen*, 41 *Ib.* 431; *Springfield & Memphis Railway* v. *Rhea*, 44 *Ib.* 258; *Railway* v. *Combs*, 51 *Ib.* 324.

It follows, from the rule firmly established by these decisions, that the damages, which the statute says "shall be determined and assessed irrespective of any benefit" the owner may receive from the road, include not only those for the land actually taken but all incidental damages to the remainder of the tract as well. The statute makes no distinction between damages for value of land taken and damages to remainder of the tract, but declares that the amount of damages to be paid the owner shall be determined and assessed without regard to benefits. It is true that there are many cases in our reports where the court seems to have ignored the statute, and stated that the measure of damages for a right of way taken by a railroad is the difference between the value of

the whole tract without the railroad at the time it was constructed and the value of the remainder after its construction. *Little Rock, Miss. R. & Tex. Railway Co.* v. *Allen,* 41 Ark. 431; *Springfield & Memphis Railway* v. *Rhea,* 44 *Ib.* 258; *Railway* v. *Combs,* 51 *Ib.* 324; *Newgass* v. *Railway Co.,* 54 *Ib.* 140. But in these cases the question of benefits was not raised, and the statute was not considered. The rule of assessing damages for a right of way by taking the difference between the value of the tract before and after the construction of the road across it is simple and easily understood, and no doubt works justice in most cases, but in approving it the court did not intend to abrogate the statute, which is still in force. The statute was not referred to in those cases, for the reason that there was no question of benefits involved.

We do not know of any case in which this court has discussed the distinction between general and special benefits. While, as above stated, we are inclined to the opinion that the consideration of both are excluded by our statute in the assessment of damages, still it is not necessary to determine the question here; for, conceding that special benefits may be considered, we are of the opinion that increased value founded merely upon increased facilities for travel and transportation, such as is afforded the public in general along the line of the road, is not a special but a general benefit. *Roberts* v. *Board of Com.,* 21 Kan. 186; *Mahaffey* v. *Buck Creek Rd.,* 163 Pa. St. 158; *Sullivan* v. *North Hudson County Rd. Co.,* 51 N. J. L. 518; Lewis on Eminent Domain, § 476.

It may be that the value of this land was increased by the construction of the road; but the same argument was made in *Adden* v. *White Mts. N. H. Rd.,* 55 N. H. 413, where the tract claimed to have been injured was valuable on account of pine timber which the railroad enabled the owner to market. In reply to the argument that this benefit should be considered, Cushing, C. J., said: "Now, it seems to me that if there be any class of benefits which is emphatically shared by all, it is that class which has its origin in increased facilities for transportation. One man is enabled to get his pine timber to market, another opens his granite quarry, a third may have a

large grass farm, and finds facility for taking his pressed hay to market.   These facilities are greater or less in proportion to the proximity of the land to the railroad or station, but they all belong to the same class.   They all belong to the class of general benefits which is open to all and shared alike by all."  The same reasoning holds good in this case.   If it had been alleged and shown that the company had constructed a spur or side track specially for the shipment of coal from defendants' mine, and that this added to its value, a different question might have been presented.   But this was not shown.   It was, in substance, only alleged that the construction of the road, by furnishing increased facilities for the transportation of coal, greatly increased the value of defendants' lands.   The value of other lands of the kind in that section were no doubt affected in the same way, and, though there is some conflict of authority on this question, we are of the opinion that only a general benefit is shown, and that the question as to whether under our law special benefits can be considered is not presented.   *St. Louis, Ark. & T. Rd.* v. *Anderson*, 39 Ark. 167.

The evidence in the case is not very convincing; but there is some evidence to support the verdict, and we must take the finding of the jury on that point as conclusive.   Finding no prejudicial error, the judgment is affirmed.

Wood, J., not participating.