CAMPBELL *v.* ARKANSAS STATE HIGHWAY COMMISSION.

Opinion delivered May 11, 1931.

*W. H. Bengel,* for appellant.

*Hal L. Norwood,* Attorney General, and *Claude Duty,* Assistant, for appellee.

HART, C. J., (after stating the facts). The right of eminent domain in the premises is conceded in the Arkansas Highway Commission, but it is insisted that this right is and must, under our Constitution, be subordinate to the right of the property owners to be first compensated for the damages to their property by the construction of the bridge and the approaches thereto. Their claim is based upon the guaranty given by § 22 of the Bill of Rights of our present Constitution, which provides that private property shall not be taken, appropriated, or damaged for public use, without just compensation therefor. It is claimed that under it, whether the property is taken or not, if it has been damaged by reason of the construction or operation of any improvements made for the use of the public, the owner may recover whatever damage the property has actually sustained. Under our decisions, the owner of property abutting upon a street or highway has an easement in such street or highway for the purpose of ingress and egress which attaches to his property and in which he has a right of property as fully as in the lot itself; and any subsequent act by which that easement is substantially impaired for the benefit of the public is a damage to the lot itself within the meaning of the constitutional provision for which the owner is entitled to compensation. The reason is that its easement in the street or highway is incident to the lot itself, and any damage, whether by destruction or impairment, is a damage to the property owner and independent of any damage sustained by the public generally.

In *Hot Springs Railroad Co.* v. *Williams*, 45 Ark. 429, affirmed in 136 U. S. 121, 10 S. Ct. 955, it was held that the section of our Constitution above referred to makes a railroad company constructing its railroad in a public street under grant from the Legislature or municipality liable to owners of abutting land for consequential injuries to their land resulting from such improvement. The rule was re-affirmed in *Little Rock & Fort Smith Ry. Co.* v. *Greer*, 77 Ark. 387, 96 S. W. 129.

The same construction was placed upon the constitutional provision in *Dickerson* v. *Okolona*, 98 Ark. 206, 135 S. W. 863, 36 L. R. A. (N. S.) 1194, where the owner of property abutting on a street in a city or incorporated town was held entitled to recover compensation for damage done to his property in lowering the grade of the street.

In *Chicago* v. *Taylor*, 125 U. S. 161, 8 S. Ct. 820, it was held that, under the provision in the Constitution of the State of Illinois adopted in 1870 that "private property shall not be taken or damaged for public use without just compensation," a recovery may be had in all cases where private property has sustained a substantial injury from the making and use of an improvement that is public in its character; whether the damage be direct, as when caused by trespass or physical invasion of the property, or consequential as in a diminution of its market value.

In *Pennsylvania Rd. Co.* v. *Miller*, 132 U. S. 75, 10 S. Ct. 34, in discussing a similar provision of a State Constitution, the court said:

"The provision contained in the Constitution of 1873 was merely a restraint upon the future exercise by the defendant of the right of eminent domain imparted to it by the State. By its terms, it imposes a restraint only upon corporations and individuals invested with the privilege of taking private property for public use, and extends the right to compensation, previously existing, for property taken, to compensation for property injured

or destroyed by the construction or enlargement of works, highways or improvements, made or constructed by such corporations or individuals. Such provision is eminently just, and is intended for the protection of the citizen, the value of whose property may be as effectually destroyed as if it were in fact taken and occupied. The imposition of such a liability is of the same import as the imposition of a liability for damages for injuries causing death, which result from negligence, upon corporations which had not been previously subjected by their charters to such liability.''

The rule was applied without any discussion or review of the authorities in *Donaghey* v. *Lincoln*, 171 Ark. 1042, 287 S. W. 407.

In the case at bar, although the injuries are consequential, they are to the *corpus* of the plaintiff's property. The demurrer admits that the injuries resulted from the construction of the bridge and the approaches thereto as they now are. In specific terms, it is alleged that the right of ingress and egress to the plaintiff's property was interfered with by the change in the grade of the highway and the construction of the bridge and the approaches thereto. It is alleged that the grade of the highway was changed so that the bridge and the approaches thereto are higher than the plaintiff's house and thereby obstructs the free course of light and air thereto. We do not think the plaintiff, however, should recover anything for noise, dust and matters of that sort, which, in varying form, are incidents to living upon a public highway or street and, as such, must be borne by all owners of abutting property.

There is nothing in the contention that the Arkansas State Highway Commission could not be sued in this kind of action. *Arkansas State Highway Commission* v. *Dodge*, 181 Ark. 539, 26 S. W. (2d) 878. In that case, by a divided court, it was held that a suit by highway contractors against the State Highway Commission for the amount due under a highway construction contract could

be maintained. Varying reasons were given by the majority of the court for so holding, but that becomes immaterial in this case. It matters not whether the State Highway Commission be considered a corporate entity or as an administrative agency of the State in the present case. As we have already seen, the bridge was constructed by the State Highway Commission under an act of the Legislature; and, when so constructed, it became a part of the public highway with which it connects, and the bridge and its approaches form a part of such highway. When the grade of the highway was raised by the construction of the bridge and its approaches to the damage of the lots of abutting owners, such act brought the case within the guaranty of the clause of the Constitution above referred to. Neither the State nor any of its agencies is exempt from the constitutional guaranty that private property shall not be taken or damaged for public use without just compensation therefor.

It is true that the Arkansas State Highway Commission did not institute condemnation proceedings against the property owners, but the property owners had a right to maintain this action. It was a remedy given them under the common law for a trespass or injury to their real estate. The right existed under the provision of the Constitution; and where the statutes provides no adequate remedy, it may be enforced by an action for damages. *County of Chester* v. *Brower,* 117 Pa. 647, 12 Atl. 577, 2 Am. St. 713; and *Swift & Co.* v. *Newport News,* 105 Va. 108, 3 L. R. A. (N. S.) 404, 52 S. E. 821. In the case last cited it was held that a constitutional provision that private property shall not be damaged for public use without compensation is self-executing, and the common law will furnish an appropriate remedy in the absence of one expressly given by Constitution or statute. This view is sustained by our own cases above cited, and is in harmony with the views expressed in them.

It follows that the *judgment* in each case will be reversed, and the cause remanded with directions to the circuit court to overrule the demurrer and for further proceedings according to law.