ARK. STATE HIGHWAY COMM'N *v.*
LOUIS CARTER ET UX

5-4988                                     445 S. W. 2d 100

Opinion delivered October 6, 1969

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*Wayland A. Parker,* for appellees.

LYLE BROWN, Justice. In an eminent domain proceeding by the Arkansas State Highway Commission, appellant here, a jury awarded $20,000 as just compensation to the landowners, Louis Carter and wife, the appellees. The taking was in fee simple. The sole question on appeal is whether the amount of the verdict is supported by substantial evidence.

Three value witnesses testified for the landowners. They were Louis Carter (owner), Glenn West, and Theo Bell, the two last named being real estate brokers in the area. It is not disputed that the three witnesses established the necessary qualifications. With respect to direct examination of those witnesses, they supported their opinions on just compensation by substantial testimony. The real basis asserted for reversal is that cross-examination of those   tnesses destroyed the substantiality of the testimony given on direct examination.

*Cross-examination of Louis Carter.* On direct examination Mr. Carter gave an across-the-board after value of $20,000 to land and improvements. On cross-examination he was asked to assign a separate after value to a 65-acre parcel and to another parcel of fifteen acres. He was unable to fix separate values and stated that he was considering the entire remainder as a whole since he was interested in selling all that remained—"just the whole thing is for sale." He was questioned about the after value of his home and he said, "Well, I knew it would be reduced way down—oh, six or seven thousand, but still, at the same time, I just wanted to get loose." Finally, he was asked if he was "just speculating" in arriving at his after value of $20,-000, to which he replied, "I don't know what you'd call it."

*Cross-examination of Glenn West.* It was shown that the witness estimated damage, by the taking, to five acres in the right-of-way of an existing highway running through a corner of the property; in assessing dam-

ages to the home, the witness stated that it would no longer be located on a main road, and that damage is asserted by appellant to be an improper element of compensation. (There was no motion to strike the latter assertion.)

*Cross-examination of Theo Bell.* The witness admitted that he was not familiar with the fact that the construction plans called for a six-by-six box culvert to be constructed under the highway and connecting the landowners' divided parcels. He was asked if that fact would make a difference in his appraisal. He conceded the culvert would be of some advantage but he could not say it would actually enhance the sale value of the property.

Before we could reverse this judgment for insubstantiality of evidence we would have to hold that the summarized testimony materially destroyed the reasonable bases for valuations given on direct examination. The most that can be said critically of the evidence elicited on cross-examination is that it tended to weaken the strength of the direct evidence; and that fact is for the jury's consideration in weighing the witnesses' testimony. In *Arkansas State Highway Comm'n* v. *Russell,* 240 Ark. 21, 398 S. W. 2d 201 (1966), it is made clear that evidence elicited on cross-examination must demonstrate that the witness "had no reasonable basis whatever" for his original opinion before the evidence in chief on the same point can be voided.

Finally, it is not insignificant that the jury discounted the testimony of all three of appellees' value witnesses. Just compensation was estimated by Carter to be $40,000 and by the lower estimate of his two appraisers to be $25,000.

Affirmed.