ARKANSAS STATE HIGHWAY COMM'N *v.*
W. D. PHILLIPS, Jr. ET UX

5-5068                                                    447 S. W. 2d 148

Opinion delivered November 24, 1969

*Thomas B. Keys, Virginia Tackett* and *Hubert Graves,* for appellant.

*J. Marvin Holman,* for appellees.

CARLETON HARRIS, Chief Justice. This is a highway condemnation case. The Arkansas State Highway Commission, appellant herein, condemned 11.11 acres needed for the construction of Interstate Highway No. 40 in Johnson County, Arkansas, the property condemned belonging to W. D. Phillips, Jr., and Wanda Phillips, his

wife, appellees herein. On hearing, Mr. Phillips testified that the total damages to his property amounted to $12,500.00. H. C. Yarbrough, a witness for appellees, testified that damages, in his opinion, amounted to $11,720.00. Dee Evans, a real estate dealer of Johnson County, listed damages as $10,691.00. The jury returned a verdict for $9,000.00, and from the judgment so entered, appellant brings this appeal.

For reversal, two points are asserted: First, that the court erred in refusing to strike the testimony of H. C. Yarbrough as to the value of the property remaining after the taking, on the grounds that he had not seen the right-of-way maps or construction plans prior to testifying. The same alleged reversible error is also asserted with reference to the testimony of Dee Evans.

We do not agree with these contentions. In the first place, the point listed by appellant as to Yarbrough's testimony, does not conform to the motion that was actually made. The motion made was as follows:

"We would like to move to strike this man's testimony. It is obvious he doesn't know what was out there when he looked at the after value, neither did he know as to the control of access and what was there after the taking."

We have stated on numerous occasions that if any part of the witness's testimony is admissible, it is improper to strike all of his evidence. As stated in *Arkansas Highway Commission* v. *Wilmans,* 236 Ark. 945, 370 S. W. 2d 802:

"A motion to exclude all the testimony of a witness is properly overruled if a part of it is competent."

That holding is applicable here. Not only that, but Yarbrough's testimony makes clear that he had gone

upon the property and observed and examined the construction. As to Evans, this witness testified that he did look at the construction plans for Interstate 40, but added; "I don't think that I would have to study them too much." His overall testimony clearly indicates that he did view the maps and plans. We find no error.

Affirmed.