ARKANSAS STATE HIGHWAY COMM'N v.
Robert KENNEDY et ux

5-5178                                      451 S. W. 2d 745

Opinion delivered March 16, 1970
[Rehearing denied April 20, 1970.]

302

*Ken R. Brock* and *Jack Rose,* for appellant.

*Wayland Parker,* for appellees.

FRANK HOLT, Justice. This is a condemnation proceeding in which the state acquired 11.02 acres of land belonging to appellees. This was necessary for the construction of a controlled access highway which bisects appellees' 137.5 acre tract of land. The landowners estimated their damages at $45,000 ($75,000 value before the taking and $30,000 after). Their expert value witness placed the damages at $35,300 ($67,100 value before the taking and 31,800 after). Appellant's only witness estimated $14,750 as the landowners' total damages ($47,500 value before the taking and $32,750 after). The jury awarded $40,000. On appeal the appellant contends for reversal that the trial court erred in not striking the testimony of Mr. Kennedy, the landowner, with respect to damages.

On this point the appellant argues only that Mr. Kennedy was unable to give any basis for the per acre value and consequently no substantial basis for the $45,000 damages which he claimed. We cannot agree. On direct examination the landowner testified that:

"Q. Mr. Kennedy, are you familiar with, generally, the value of lands and beef ranches or cattle ranches within the area where you reside here, within this area of Sebastian County?

A. Well, I certainly couldn't be classified as an authority. Of course, I'm actually interested in the price of land and try to keep up with the price of land, and know something about it.

Q. Generally, you know what land is worth?

A. I feel that I do, yes sir.

Q. Based on your knowledge of land in this area and your position as an owner, what would you tell the jury what the fair market value of the total acreage was, including the improvements which have been taken and destroyed, plus your home, of this whole tract?

A. I believe in the neighborhood of $75,000.00.

Q. Now, you say $75,000.00. Is this your opinion of the fair market value at that time?

A. Yes sir."

On cross-examination he was asked on what basis he arrived at this particular value. He testified:

"Q. Did you hear about some other property in close proximity to you that had sold?

A. Yes, I heard—I heard, it was just hearsay —of some property that Mr. Bill Lewis sold for $300.00 an acre.

Q. And is this one of the factors you're using in arriving at your land value?

A. That's one factor.

Q. Where is Mr. Bill Lewis' land located?

A. Well, it lays south and east. He owns a lot of land, in the vicinity of Greenwood."

Although appellee could not give the exact location of the particular land sold he did testify that it was in close proximity. Appellee lives on his property which is also in the vicinity of Greenwood or three miles southwest.

Upon further cross-examination appellee testified that the before value of his 137.5 acre farm was $300.00 per acre which included all improvements except his new home. However, appellee followed this by an explanatory version. In doing so he excluded all improvements. Separate from this acreage value he placed a value of $6,000.00 for the old homesite and $4,000.00 for the barns and related outbuildings, all of which were acquired in the taking. He valued his new home at $25,000.00 which was not acquired by the appellant. He was further asked:

"Q. Now, if we pull that $25,000.00 out of your $75,000.00 before figure, we have $50,000.00?

A. Yes, sir.

Q. Is that what you're saying the value of this farm is worth at the time you purchased it?

A. I believe that's what it was worth at the time I purchased it. Not at the time I purchased it, but at the time you took it.

\* \* \*

Q. Now, if we pull the value of the improvements off of the land—and you say the improvements and the land were worth $50,-000.00—if we pulled $10,000.00 off the improvements, we would have $40,000.00 for the value of the land. And this, of course, would make it figure on a per acre basis something less than $300.00 per acre, would it not?

\* \* \*

Q. Would it be less than $300.00?

A. A little bit less, I'd think would be right."

Thus, by a computation of 137.5 at $300.00 per acre plus all improvements, it is clear that the appellant is incorrect in its argument that the landowner did not testify to a total before value of at least $75,000.00. ($40,000 + $25,000 + $10,000).

Mr. Kennedy candidly admitted that he was not an expert on land values and only had a general knowledge from being a resident landowner in the vicinity. Recently we have reiterated the well established principle of law that a landowner's testimony is competent and admissible as to the value of his lands, regardless of his lack of knowledge of property values, if a satisfactory explanation is given for his conclusion. *Arkansas State Highway Comm.* v. *Duff,* (May 12, 1969), 440 S. W. 2d 563; *Arkansas State Highway Comm.* v. *Clark,* (Sept. 22, 1969), 444 S. W. 2d 702; *Arkansas State Highway Comm.* v. *Taylor,* (Dec. 8, 1969), 447 S. W. 2d 646. This is based upon the landowner's intimate knowledge of his property. Any infirmities bear upon the weight.

The fact the landowner was able to testify that he knew of only one sale for $300 per acre in close proximity is of little consequence. This single sale was only

one factor he considered as a landowner. He testified that the property had been in his family for more than fifty years. He has resided on the property all of his life, except during his service in World War II. He had acquired it from his family a few years before. Practically all improvements on the land were taken except his new house. He further testified that the controlled access highway almost equally divides his lands and that he now has no access from one residual to the other except an existing unimproved county road that traverses the northern portions. He was using his property for a cattle ranch and planned to expand this activity. No direct access is provided from one residual to the other. He built his new residence between one-fourth to one-half mile from any existing highway facility. The new highway runs in front of his home which results in an access facility which is steep and undesirable. He described the terrain and demonstrated a per acre value of the varied parts of his lands as a single unit before the taking and, also, the consequent damages after the taking. According to him, as previously indicated, the before value of his property was $75,000, the after value was $30,000, and his just compensation was $45,000.

Mr. Kennedy's long standing and demonstrated familiarity with his land and the improvements thereon, its advantages, its present and future utility as a cattle ranch operation affords a reasonable basis for his value opinion as a resident owner. We cannot say that his testimony is insubstantial.

Appellant next contends that the court erred in not striking that portion of the landowners' expert witness' testimony relative to damages to the landowners' new home. The expert witness testified that in his opinion the construction and location of the new highway in front of the landowners' home had damaged it $2.00 per square foot, or a total of $4,950. He placed a before value of $20,800 on the home. Appellant asserts that the witness included elements of damage which are not properly a part of just compensation and the jury should not have been allowed to consider them. Appellant lim-

its its argument to the element of noise. We find no merit in this contention. The trial court instructed the jury not to consider these separate items as constituting the measure of damages. The jury was told that it could only consider the separate items as an aid and that the true test of damages is the before and after value. Assuming, without deciding, that the element of noise is an improper element in the case at bar, we think the trial court correctly refused to strike all of the witness' testimony with reference to damages to the home. One of the elements assigned as damage was the "steep driveway due to the Cut." Certainly this was a proper element for the jury to consider. It is improper to strike all of a witness' testimony if any part of it is proper and admissible. *Arkansas Highway Comm.* v. Phillips, (Nov. 24, 1969), 447 S. W. 2d 148. Further, we perceive no prejudice to the appellant in view of the court's admonition to the jury.

With reference to the element of noise, appellant relies upon *Campbell* v. *Arkansas State Highway Comm.*, 183 Ark. 780, 38 S. W. 2d 753 (1931), reaffirmed in *Arkansas State Highway Comm.* v. *Kesner*, 239 Ark. 270, 388 S. W. 2d 905 (1965), to the effect that noise is not a compensable element of damages. We unanimously observe that we will re-examine this view when it is appropriately and fully presented to us. The recognition of noise as being a compensable element of property damages is not an innovation nor is it unknown in our decisions. *Little Rock, M. R. & T. Ry. Co.* v. *Allen*, 41 Ark. 431 (1883). The general rule seems to be that the loss of rights which render property and its ownership or possession valuable is compensable when not suffered by the public in general.

The appellant next asserts that the verdict is excessive because there is no substantial evidence to support an award of $40,000. We find no merit in this contention. We have previously discussed the testimony of Mr. Kennedy, the landowner, and concluded that it is substantial. He placed his just compenstation at $45,-000. His expert value witness testified that just compen-

sation was $35,300. There is no attack upon the expert's testimony except as to his enumerated elements of damages to the new house. We have found no reversible error on that point. The landowners' expert witness is the owner of a real estate agency. It appears that he is a landowner, a real estate broker, a rancher and is experienced in the sale of farms and ranches in the general area. He testified as to four comparable and recent sales in the area of appellees' property. The value per acre ranged from $625 to $310 per acre. He gave a detailed analysis of the before and after value of appellees' property. We cannot say that the jury's verdict is unsupported by substantial evidence.

Affirmed.

HARRIS, C. J. and FOGLEMAN AND JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent because I feel that the testimony of West relating to the damage to Kennedy's house should have been stricken, and the action of the circuit judge did not eliminate the consideration of a noncompensable item of damages. West testified that Kennedy's house had diminished in value to the extent of $4,950, and that this was a part of the total damage to the landowner. When asked to explain his reasons for arriving at that amount of damage, West said that they were (1) the steep driveway required after the taking, (2) the increased traffic and noise, and (3) changing the view of the city and the privacy. Appellant's counsel first moved that the witness' value testimony be stricken. The court correctly denied this motion. Appellant's counsel then moved to strike that portion of West's testimony relating to the damages to the house because of the inclusion of improper *elements* of damages. This motion was denied and the court then instructed the jury that the proper measure of damages was "before" and "after" values and that West's testimony as to breakdowns and figures might be considered only as an aid in determining these values, but that the separate items should not be considered as constituting the measure of damages.

West had testified that he arrived at his "after" value by subtracting from the "before" value the damages resulting from the taking. Thus the judge's instruction to the jury did not have the effect of eliminating any improper element of damages included by West from the jury's consideration.

It was clearly held in *Campbell* v. *Arkansas State Highway Commission,* 183 Ark. 780, 38 S. W. 2d 753, that a landowner should not recover for noise, dust and matters of that sort, which, in varying form, are "incidents" to living upon a public highway and, as such, must be borne by all abutting property owners, even though he was entitled to recovery for interference with access. The owners' allegation that the construction of a bridge and approaches on existing right-of-way caused annoyance by dust and dirt and sound caused by vehicles going over the bridge was admitted by demurrer. See also *Arkansas State Highway Commission* v. *Kesner,* 239 Ark. 270, 388 S. W. 2d 905.[1]

The inclusion of an improper element of damages should be reversible error, where, as here, we cannot say that there was manifestly no prejudice in the failure of the trial court to eliminate that element from consideration.

HARRIS, C. J., and JONES, J., join in this dissent.

---

[1] The soundness of this rule is questionable to say the least, but it has been the law in Arkansas for 39 years. It will remain so, until it is overruled.