ARKANSAS STATE HIGHWAY COMM'N *v.*
Jewell Thomas BANE

5-5435                                    464 S. W. 2d 603

Opinion delivered March 15, 1971

*Thomas B. Keys, Philip N. Gowen,* and *Hubert E. Graves,* for appellant.

*Felver A. Rowell Jr.,* for appellee.

JOHN A. FOGLEMAN, Justice. This is a sequel to *Arkansas Highway Commission* v. *Bane,* 247 Ark. 143, 445 S. W. 2d 106. We reversed a judgment fixing the amount of the landowner's compensation for a right-of-way taking and remanded the case for a new trial. We reversed because we found that the testimony of the landowner did not afford substantial support for the jury verdict.

On retrial, the value testimony of two witnesses on behalf of appellee was stricken on motion of appellant, leaving the verdict on her behalf dependent entirely upon the testimony of Sammy Carl Plummer, the mayor of Plummerville. Appellant asks that we reverse this judgment because: (1) the trial court refused to strike

from Plummer's testimony $6,000 of his damages relating to one tract and $1,800 to the other tract remaining after the taking for the reason that his basis was what he would give for the lands; (2) he gave no substantial evidence to support his testimony

Plummer testified that a tract of 43.6 acres left south of Interstate Highway 40, after 18.4 acres were taken, was worth only $50 per acre after the taking. Appellant moved to strike $6,000 of the total damage figure because it contended that the witness based his valuation of the lands after the taking on what he would give for it instead of what it would bring on the market. The contention is based on Plummer's answer to a question on cross-examination, asking why he arrived at a difference of $150 between the overall value of $200 per acre he had placed on the tract before the taking and his valuation of this parcel after the taking. The interrogation which preceded the motion went as follows:

A. That's what I told Mr. Hayes when he asked me. He is one of your appraisers. He come to me on nearly all of these tracts and asked what I would give for them. I told him at the time—

Q. That's your appraisal of the after value— what you would give for it?

A. He asked what I would give for it.

While Plummer's answers may not have been fully responsive to the examiner's questions, they hardly establish the use of an improper basis for valuation by Plummer. He simply stated that one of appellant's appraisers had asked him what he would give for the tract and that he gave him the figure he had stated in his testimony. Plummer had lived in Plummerville for 64 years. He had been the county clerk for three years, had been in the tax assessor's office for four years, in the tax collector's office for two years, and had served on the county equalization board for six years. He had

been familiar with the tract for 20 or 30 years. He said that he was generally familiar with land values in and around Plummerville. He testified that after the taking this tract was completely isolated without any public vehicular access. The closest approach to it, without crossing lands of others, was one-quarter of a mile away, according to him. He stated that he figured no one would want the land isolated back over on top of a mountain. In his opinion the use of the land as a cattle operation had been ruined.

The motion to strike his testimony that an 18-acre tract left north of the highway was worth only $100 per acre after taking was based upon his saying that is what he would give for it in response to a cross-examination query if he had any reason for saying it was worth only that amount. Plummer had previously testified that there was not very much of it that anybody would want. The motion to strike this "after value" testimony was denied by the court with the comment that Mayor Plummer was a lay witness.

Appellant's motion went only to the striking of the values given by Plummer for the value of lands remaining after the taking. His testimony as to the value of the land before the taking would have been left intact. *Arkansas State Highway Commission* v. *Stallings,* 248 Ark. 1207, 455 S. W. 2d 874; *Arkansas State Highway Commission* v. *Phillips,* 247 Ark. 681, 447 S. W. 2d 148.

The witness was permitted to testify as a non-expert, who said that he knew the value of the land. He testified that he was generally familiar with the values of lands in the vicinity of Plummerville and that a lot of people sought his opinion on the subject. He lived within a quarter of a mile of the property. Such witnesses are permitted to express their opinions as to values. *City of Little Rock* v. *Sawyer,* 228 Ark. 516, 309 S. W. 2d 30; *Lazenby* v. *Arkansas State Highway Commission,* 231 Ark. 601, 331 S. W. 2d 705. Plummer's competency as a value witness was not questioned. Ap-

pellant had the burden of showing that there was no reasonable basis for his opinion. *Arkansas State Highway Commission* v. *Dean,* 247 Ark. 717, 447 S. W. 2d 334; *Arkansas State Highway Commission* v. *Clark,* 247 Ark. 165, 444 S. W. 2d 702.

We do not feel that appellant met its burden. The mere fact that the witness stated that the value ascribed to the remainder was what he would give for it is not sufficient to show that he would give more or less than market value or to render his testimony inadmissible. *Arkansas State Highway Commission* v. *Pruitt,* 249 Ark. 682, 460 S. W. 2d 316. If this were the sole basis for the testimony of the witness, or if he were clearly not a competent witness on land value, we might consider this answer in a different light. Since neither premise exists here, we find no error in the refusal of the circuit judge to strike his testimony.

Appellant argues that since Plummer based his opinion on a single sale of lands he had made earlier in the immediate vicinity and his experience as a public official, but did not know of or investigate other sales in the vicinity, it is clear that he had no knowledge of the market value of lands. Accordingly, says appellant, there was no substantial basis for his testimony and its motion to strike his value testimony for that reason should have been granted. Of course, his knowledge or lack of knowledge of sales of other lands was to be considered in evaluating his credibility and the weight to be given to his testimony, but would not render his testimony insubstantial as a matter of law. *Arkansas State Highway Commission* v. *Ormond,* 247 Ark. 867, 448 S. W. 2d 354. In order for us to hold otherwise, the matter elicited on cross-examination must have demonstrated that Plummer had no reasonable basis whatever for his opinion. *Arkansas State Highway Commission* v. *Carter,* 247 Ark. 272, 445 S. W. 2d 100. We cannot say that this was demonstrated.

The judgment is affirmed.