## ARKANSAS STATE HIGHWAY COMM'N *v.*
## Margaret M. MANNING

5-5806                                              477 S.W. 2d 176

### Opinion delivered March 6, 1972

*Thomas B. Keys, John Stroud* and *Kenneth R. Brock,* for appellant.

*Young & Patton,* for appellee.

Lyle Brown, Justice. This is an eminent domain case. Appellee Margaret Manning's rural home and egg

farm consists of a twenty-six acre tract and is located on U. S. Highway 71 some ten miles south of Texarkana. The south side of her land borders on the highway. The commission condemned a strip of land completely across the south side of the property for widening and improvement purposes. Appellant advances four points for reversal which we shall enumerate and discuss, setting out under the points other necessary facts requisite to an understanding of the issues.

Point I. *The trial court erred in overruling the commission's motion in limine that the landowner not be permitted to introduce any evidence as to loss of a commercial egg business by reason of the taking.* We need not pass on the admissibility of such testimony because none was introduced. The landowner, by way of background information, merely testified that she was in the egg-laying business and that she marketed her eggs at retail in Texarkana. In her before-and-after value testimony she related only the before and after values of the land and buildings as a unit and based that opinion on what she thought it was worth on the open market.

Point II. *The trial court erred in refusing to give the commission's requested Instruction 7-A.* That instruction told the jury that the value of a business being operated on the property should not be considered as an element of compensation. For two reasons there is no merit in the point. In the first place, as stated under Point I, there was no evidence of the value of loss of business. Secondly, the court fairly instructed the jury on the measure of just compensation.

Point III. *The trial court erred in not striking the testimony of P. M. Brown relating to damages to the landowner's house due to the noise from traffic and the hazard of trucks running onto appellee's property.* The new right-of-way line runs within some eight feet of the homesite and takes in substantial shrubbery, including approximately twelve trees. In all, the taking reduced the landscaping from 75 or 100 feet to some eight feet near the home. A well, butane tank, and chain link fence were also in the taking. The house was described as "propped up on a knoll at the edge of the right-of-way." The

witness testified that as a part of the diminution value he took into consideration the proximity of the home to the highway, including noise and the hazard of vehicles running off the highway and onto the property. Witness Brown did not attribute a specific figure for those elements. He said he was considering the entire setting, just as would a prospective purchaser. We are not cited to any case in which we have said that a landowner, who, due to the widening of the highway, has his residence placed upon the precipice of the right-of-way, is not entitled to compensation therefor. See *Clark County* v. *Mitchell*, 223 Ark. 404, 266 S. W. 2d 831 (1954).

Point IV. *The trial court erred in not striking the landowner's testimony as to values.* Appellant relies heavily on *Arkansas State Highway Comm'n.* v. *Darr*, 246 Ark. 204, 437 S. W. 2d 463 (1969). That case and this case are easily distinguishable. Mrs. Darr gave values without any reference to the fair market value of her lands; she had never lived on the property; and she said she would not sell it for any price because her husband told her to keep it. On the other hand, Mrs. Manning had lived on her property for some twenty-six years. She said she was, in a general way, acquainted with the sale of lands in the community. Having lived there for so long and engaged in the business which afforded her a livelihood for the same number of years, it cannot be questioned that she was intimately acquainted with the property.

Affirmed.