ARKANSAS STATE HIGHWAY COMMISSION
*v.* Russell COTTRELL et al

CA 83-53                                    660 S.W.2d 179

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1983

*Thomas B. Keys* and *Chris Parker,* for appellant.

*Crumpler, O'Connor & Wynne,* by: *John W. Unger, Jr.,* for appellees.

TOM GLAZE, Judge. This is an eminent domain case involving three adjoining residential tracts of land owned by three separate landowners: the Cottrells, the Robertsons, and the Waschkas. All three had direct access to Highway 82 in El Dorado until that highway was widened to four lanes;

then these three properties lost direct access and became situated on a service road constructed across the front of the properties. The jury gave a verdict for each of the land-owners as follows: the Cottrells — $5,240; the Robertsons — $2,796; the Waschkas — $3,940. The appellant, Arkansas State Highway Commission, appeals those verdicts and raises the following three issues:

> I. The trial court erred in not granting appellant's motion in limine to exclude evidence of circuity of travel.

> II. The trial court erred in not granting appellant's motion in limine to prevent the attribution of damages from an alleged increase in noise which resulted from the construction.

> III. The trial court erred in not striking for cause six jurors who had served on one or more juries with one of the appellees during the term.

At the jury trial, Russell Cottrell, Caroline Robertson, and Lawrence Waschka, appellee landowners, testified that the differences in before and after values of their properties were: Cottrell — $11,000; Robertson — $8,000; and Waschka — $10,000. All three landowners apportioned their asserted devaluations between (a) a loss in the value of the land itself as a result of the taking, and (b) losses resulting from their inconvenience of access to Highway 82, the creation of a drainage problem on the subject properties, the diminished appearance of the properties and an increase in noise because large trees were cut between their houses and the highway.

Larry Du Pree and Norman Bledsoe, real estate ap-praisers, testified for the appellant and the appellees, respectively. Du Pree testified that the differences between the before and after values of the properties were as follows: Cottrell's — $1,340; Robertson's — $1,100; and Waschka's — $2,200. Du Pree testified that in his opinion the before and after per acre values of the properties were the same. He valued only the taking itself and did not attribute any

damage to the remaining properties. He also testified that he did not take into consideration the drainage problems which the appellees claimed to have experienced since the construction was done. Bledsoe testified that the differences between before and after values of the properties were as follows: Cottrell's — $4,040; Robertson's — $2,196; and Waschka's — $3,150.

Carl Lindstrom, a hydraulic engineer for the Highway Department, also testified for the appellant about the alleged drainage problems on the properties. He related what was done before and during construction to eliminate drainage problems; in his opinion, the properties were not significantly affected. He testified that he had based his opinion upon all calculated data; he made no field measurements. He stated that it was possible, but not probable, that the steps taken by the Highway Department were not sufficient to ensure that the properties drained properly.

The rule is well settled that the measure of damages, if any, in an eminent domain case is the difference between the fair market value of the lands immediately before the construction of the highway and the fair market value immediately after such construction. *Herndon* v. *Pulaski County*, 196 Ark. 284, 117 S.W.2d 1051 (1938). The principle is equally well established that a landowner may testify to the value of his lands, despite his lack of knowledge of property values, if a satisfactory explanation is given for his conclusion. *Arkansas State Highway Commission* v. *Kennedy*, 248 Ark. 301, 451 S.W.2d 745 (1970).

The appellant's first two points for reversal are based upon the trial court's denial of appellant's motions in limine to exclude certain evidence, specifically, testimony by the landowners of (1) their circuity of travel resulting from construction, and (2) the increase in noise from the highway resulting from destruction of their trees. After a careful consideration of the cases cited by both parties, we conclude that the court did not err in denying the motions. In permitting the landowners to present testimony which

appellant argued was inadmissible, the judge limited the testimony as follows:

> It was a contention of the Highway Department that no damages could be awarded for circuity of travel, in that substitute access was provided by means of an access road. . . . [T]he Court determined that the landowners could present evidence of the diminution in value of their remaining land by virtue of the substituted access, but cautioned the landowners not to get into extraneous factors, such as traffic on the highway and hazards that are common to the traveling public. . . .

> [T]here was objection . . . to any consideration of diminution in the value of the remaining lands by virtue of noise from the highway. The Court denied that motion . . . [because] . . . additional noise from the highway . . . due to the reduction in the number of trees which screened the highway noise from the residences of the landowners . . . is a factor which a willing buyer would consider. . . .

Appellant contends the trial court's limiting instruction contravenes the rule that circuity of travel is not compensable. However, this rule applies when a landowner whose land is *not* being taken claims that he is entitled to damages. *Wenderoth* v. *Baker*, 238 Ark. 464, 382 S.W.2d 578 (1964). *See also Risser* v. *City of Little Rock*, 225 Ark. 318, 281 S.W.2d 949 (1955). In *Risser, supra,* the appellants brought an action to enjoin the city from abandoning old roads in favor of new ones. The Court stated:

> None of the plaintiffs own property abutting the portions of the streets being closed, but even if it is conceded that appellants have been damaged by the relocation of the roads, they have suffered no peculiar or special damages which could give rise to a cause of action. Travelers on 10th Street, as relocated, must turn two corners and travel a little farther, which requires less than a minute in additional time. This slight inconvenience, however, is not peculiar to appellants alone. This street is an outlet from the city to one of the

most thickly populated sections of the county. Every person that travels the street suffers the same inconvenience as the appellants.

*Risser, supra* at 324, 281 S.W.2d at 953.

In *Wenderoth* v. *Baker, supra,* the appellants owned homes in a residential district of Fort Smith and alleged damages for their additional travel time necessitated by construction of a new highway. The Court said:

Any diminution in property values that may result from an inconvenience of this kind is not compensable. . . . [S]uch damages are not special or peculiar to the complaining landowners. As we said [in *Risser* v. *City of Little Rock*]: "Every person that travels the street suffers the same inconvenience as the appellants." Thus the case falls within the rule that "a landowner whose land is not being taken is not entitled to compensation for damage of the same kind as that suffered by the public in general, even though the inconvenience and injury to the particular landowner may be greater in degree than that to others." *Ark. State Highway Comm.* v. *McNeill,* 238 Ark. 244, 381 S.W.2d 425.

*Wenderoth* v. *Baker, supra* at 465, 382 S.W.2d at 579.

Appellant relies upon *Arkansas State Highway Commission* v. *Lusby,* 251 Ark. 940, 475 S.W.2d 707 (1972); *Arkansas State Highway Commission* v. *Kesner,* 239 Ark. 270, 388 S.W.2d 905 (1965); and *Arkansas State Highway Commission* v. *Bingham,* 231 Ark. 934, 333 S.W.2d 728 (1960). Our study, however, reflects that *Kesner* and *Bingham* are distinguishable from the case at bar and *Lusby* actually supports the trial court's decision. In *Kesner,* the Supreme Court noted the general rule that circuity of travel is not compensable. Unlike the situation here, the landowners in *Kesner* suffered no actual taking of their land. Even so, the court held the evidence established the landowners suffered damages peculiar to themselves and therefore it awarded compensation. The *Bingham* case is also

inapplicable. Although the landowners in *Bingham* suffered an actual taking of their land, the damage issue there involved the landowner's claim for loss of business profits caused by the rerouting of a highway located in front of their service station. On the other hand, the *Lusby* case, *supra,* is factually similar to the case at bar and supports the actions of the court below. The Supreme Court in *Lusby* cited the rule in *Wenderoth* v. *Baker, supra,* that alteration of a highway which imposes circuity of travel on the general public is not a compensable damage. But the Court pointed out that when there is a partial taking of land and the landowner is inconvenienced by the taking of his ingress and egress to the remainder, the inconvenience is compensable and should be considered in assessing the landowner's damages. *Arkansas State Highway Commission* v. *Lusby* at 942, 475 S.W.2d at 708.

Appellant asserts that another general rule in eminent domain cases is that noise is not compensable. *See Arkansas State Highway Commission* v. *Kesner, supra; see also Campbell* v. *Arkansas State Highway Commission,* 183 Ark. 780, 38 S.W.2d 753 (1931). *But see Arkansas State Highway Commission* v. *Manning,* 252 Ark. 10, 477 S.W.2d 176 (1972) (no error not to strike testimony relating to damages because of noise from traffic and hazards from trucks); *Arkansas State Highway Commission* v. *Kennedy,* 248 Ark. 301, 451 S.W.2d 745 (1970) (Supreme Court "unanimously observed" that it would re-examine this rule when it was appropriately presented, and stated a general rule that loss of rights which renders property less valuable is compensable when not suffered by the public in general; *Little Rock, Mississippi River & Texas Railway Co.* v. *Allen,* 41 Ark. 431 (1883) (proper element of damage includes the sounding of whistles, the ringing of bells and the rattling of trains; these diminish the vendible value of residence property).

The appellees in the case at bar did not attempt to assign a dollar amount to damage attributable to increased noise which they claimed to experience after appellant cut down large trees on appellees' properties. Instead, the appellees offered the evidence as one of many factors which a willing buyer would consider before purchasing appellees' prop-

erties. *See, e.g., Arkansas State Highway Commission* v. *First Pyramid Life Insurance Co.*, 269 Ark. 278, 602 S.W.2d 609 (1980); *Arkansas State Highway Commission* v. *Carpenter*, 237 Ark. 46, 371 S.W.2d 535 (1963).

In the instant case, the trial court gave a limiting instruction to the jury to consider the cutting of the appellees' trees and any resulting noise only as factors a willing buyer would consider when purchasing their properties. Under the circumstances of this case, we find the court did not err.

For its last point, appellant alleged that the trial court erred in not striking for cause six jurors who had served on one or more juries with Caroline Robertson, one of the appellees who was also a witness at trial. Appellant contends the harm resulted, not from the jurors being influenced by their prior association with Mrs. Robertson, but by Mrs. Robertson's "unusual and unfair knowledge of the personalities and the decision making mechanics of this jury panel." Appellant cites no authority for this argument, and we are unaware of any. We cannot presume that the appellees had an unfair advantage over appellant at trial as a result of Mrs. Robertson's knowledge of the jurors, and nothing in the record establishes such an advantage. The trial court specifically inquired of the jurors whether their prior service with Mrs. Robertson would influence their decisions, each juror said no and the court denied appellant's request to strike them for cause.

Affirmed.

CRACRAFT and CLONINGER, JJ., agree.